# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND GINA RUDY LIVING TRUST DATED MARCH 18, 2011, on Behalf of Itself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>PANERA BREAD COMPANY, RONALD M. SHAICH, WILLIAM W. MORETON, DOMENIC COLASACCO, LARRY FRANKLIN, FRED FOULKES, THOMAS E. LYNCH, DIANE HESSAN, MARK STOEVER, and JAMES WHITE, )<br><br>Defendants. ) | Case No. 4:17-cv-01627-HEA |

**STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

**WHEREAS**, the above-captioned class action (the "Action") was commenced on behalf of a putative class of Panera Bread Co. ("Panera" or the "Company") stockholders to challenge the proposed acquisition of Panera by certain entities beneficially owned by JAB Holdings B.V. ("JAB"), pursuant to an Agreement and Plan of Merger (the "Merger Agreement") filed with the United States Securities and Exchange Commission ("SEC"), whereby Panera stockholders would receive $315.00 in cash for each share of Panera common stock (the "Transaction");

**WHEREAS**, on June 1, 2017, Panera filed a definitive proxy statement (the "Proxy Statement") with the SEC in connection with the Transaction;

**WHEREAS**, on June 7, 2017, Plaintiff Scott and Gina Rudy Living Trust dated March 18, 2011 ("Plaintiff") filed its Class Action Complaint in this Court, alleging violations of Section

14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the Transaction;

**WHEREAS**, on June 16, 2016, Panera filed with the SEC a supplement to the Proxy Statement containing supplemental disclosures (the "Supplemental Disclosures");

**WHEREAS**, on July 11, 2017, the Panera stockholder vote on the Transaction was held;

**WHEREAS**, on July 18, 2017, JAB will complete the acquisition of Panera pursuant to the Merger Agreement;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures were material and mooted the meritorious claims set forth in Plaintiff's Class Action Complaint;

**WHEREAS**, no class has been certified in the Action;

**WHEREAS**, the filing of the Action and of other related actions in this District and in the District of Delaware caused Panera to issue the Supplemental Disclosures;

**WHEREAS**, Plaintiff's counsel may assert a claim for attorneys' fees and expenses in connection with the common benefit provided to Panera's stockholders as a result of the filing of the Supplemental Disclosures and have informed Defendants that Plaintiff intends to petition the Court for such fees and expenses if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants;

**WHEREAS**, no discussions or negotiations whatsoever regarding Plaintiff's claim for attorneys' fees and expenses have occurred to date; and

**WHEREAS**, Defendants reserve the right to oppose, in whole or in part, any claim by Plaintiff for attorneys' fees and expenses relating to the Action;

**NOW, THEREFORE**, upon consent of the Parties and subject to the approval of the Court:

**IT IS HEREBY ORDERED** this _____ day of _____ 2017 that:

1. Plaintiff hereby voluntarily dismisses the Action pursuant to Fed. R. Civ. P. 41(a), and the Action shall be so dismissed.

2. Because no class has been certified, the dismissal is as to the named Plaintiff only and has no effect upon the putative class. Because no class claims are being compromised and no consideration or compensation has been given or promised to Plaintiff or their counsel, no notice of this dismissal is required.

3. This Court retains continuing jurisdiction over the Action solely for purposes of any potential further proceedings related to the adjudication of any claim by Plaintiff's counsel for an award of attorneys' fees and expenses.

4. The parties shall meet and confer concerning Plaintiff's claim for attorneys' fees and expenses. To the extent that the parties are unable to reach an agreement, they will contact the Court to set a stipulated briefing and hearing schedule for a fee and expense application. If the parties reach an agreement, they will notify the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

5.	This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiff or Defendants in support of or in opposition to any claim by Plaintiff for attorneys' fees and expenses.

Dated: July 18, 2017	**CAREY, DANIS & LOWE**

By:	*/s/  James J. Rosemergy*
James J. Rosemergy MO#50166
Carey, Danis & Lowe
8235 Forsyth, Suite 1100
St. Louis, MO 63105
314-725-7700
314-721-0905 (fax)
jrosemergy@careydanis.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Telephone: (212) 971-1341
Facsimile: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

4

Dated: July 18, 2017 THOMPSON COBURN LLP

By: */s/   Lawrence C. Friedman*
Lawrence C. Friedman MO#34382
One US Bank Plaza
St. Louis, MO 63101
314-552-6039
314-552-7000 (fax)
lfriedman@thompsoncoburn.com

*Attorneys for Defendants*

SO ORDERED this _____ day of _____, 2017

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF system and served upon all counsel of record thereby.

Dated: July 18, 2017    By: */s/ James J. Rosemergy*_____